JUSTICE KEENAN, with whom JUSTICE KOONTZ
joins, dissenting.
I agree with the trial court that this restrictive covenant is ambiguous. As the majority has stated, any substantial doubt or ambiguity must be resolved against the restriction and in favor of the free use of the property. Friedberg v. Riverpoint Bldg. Comm., 218 Va. 659, 665, 239 S.E.2d 106, 110 (1977). Moreover, because restrictive covenants are disfavored, they will not be aided or extended by implication. Stevenson v. Spivey, 132 Va. 115, 119, 110 S.E. 367, 368 (1922); see Mid-State Equipment Company, Inc. v. Bell, 217 Va. 133, 140, 225 S.E.2d 877, 884 (1976).
The majority assumes that “lot” in the restrictive covenant has the same meaning as “lot” in the property description. There is no basis for such an assumption. As used in the restrictive covenant, “lot” can be interpreted with equal force as meaning “any lot in Ubermeer Annex No. 1,” or as meaning “any lot appearing on the original plat for Ubermeer Annex No. 1.” If the grantor had intended in the restrictive covenant that “lot” mean “any lot appearing on the original plat,” the grantor could have imparted that meaning by using the same term it used elsewhere in the restrictive covenants, “upon the property hereby conveyed.”
I also believe that the majority’s reliance on Renn v. Whitehurst, 181 Va. 360, 25 S.E.2d 276 (1943), is misplaced. Renn is inapposite to the issue before us, because its holding was based on a property, owner’s attempt to enlarge her house and convert it into “duplex” housing on one lot. Id. at 365, 25 S.E.2d at 278. In contrast, the Morgans are seeking to build only one dwelling on Lot K-2. Accordingly, I would affirm the trial court’s judgment.